BEFORE THE SECOND DIVISION, OCTOBER 15, 1958

**No. 62364.**—H. J. Heinz Company *v.* United States, petition 7234–R (Pittsburgh).

LAWRENCE, Judge:   By these proceedings, petitioner seeks to recover additional duties imposed by reason of the fact that the total appraised value of an importation of tomato pulp from England exceeded the value declared upon entry.   Section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489).

At the trial of the case, Edward D. Fitzpatrick was called to testify on behalf of petitioner.   From his testimony, it appears that Fitzpatrick, employed by H. J. Heinz Company, the petitioner, for the past 10 years serving in the capacity of department head, made entry of the merchandise covered by entry 739, involved herein.   The subject merchandise was exported to petitioner from England by its subsidiary, H. J. Heinz, Ltd.   The petitioner was in close touch with the market abroad for tomato pulp.   It appears that the particular quality of tomato pulp involved is used exclusively in Heinz products.   The witness was aware of the fact that there was a tomato pulp sold in England other than the merchandise sold to his company and knew that the price thereof was substantially lower than that of the Heinz quality tomato pulp, the reason being, the witness explained, that the Heinz Company has very rigid specifications as to the quality of its product.

At the time of making entry, the usual form of submission sheet was filed with the United States Appraiser at Pittsburgh, the port of entry.   As petitioner's collective exhibit 2, there was received in evidence a copy of said submission sheet, attached to which was a memorandum apparently over the initials of the appraiser at Pittsburgh which reads as follows—

No current information as to market value on or about the date of exportation. Suggested basis of entry: Invoice unit values, net, packed.

Predicated upon information obtained from England as to the current market and in accordance with the memorandum supplied by the appraiser, entry of the merchandise was made at the invoice unit values, net, packed, which value was much greater than the value applicable to similar merchandise sold in England.

When the merchandise was finally appraised at a value higher than that declared on entry, petitioner was afforded an opportunity to amend the entered

values if it should wish to avail itself of that privilege. A memorandum to that effect, over the signature of S. P. Burr, appraiser of merchandise at Pittsburgh, was received in evidence as petitioner's exhibit 1.

Upon receipt of said notice, the witness consulted with his attorney and, after full consideration of the matter, it was decided to permit the entry to stand as made in the belief that the entered values were correct.

It subsequently was determined between the importing company and its counsel that they would not file an appeal for a reappraisement in view of the small amount involved.

The witness stated that at the time of making entry he supplied to the appraiser all information available and that he did nothing to mislead the appraiser in any way, nor did he have any intention to defraud the revenue of the United States.

Upon completion of presentation of petitioner's case, counsel for the respondent stated—

* * * it has no proof to offer in this case, and for the purposes of the record and as an aid to the Court, I would like to state on the record that all advice, information and all reports coming to the office of the Assistant Attorney General, both from Customs sources and Treasury sources, are highly favorable to the position of the petitioner.

From the record before us, it appears that the entry of the tomato pulp in issue at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise, and we so find. For the foregoing reasons, the petition is granted.

Judgment will be entered accordingly.